IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN CROMP,

    Petitioner,               No. CIV S-08-1822 JAM EFB P

    vs.

KEN CLARK, Warden,

    Respondent.          ORDER

    _____/

    Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He has filed a motion for leave to file an amended petition, or alternatively, to dismiss the petition.  In violation of Local Rule 230(l) (formerly Local Rule 78-230(m)), respondent has filed nothing in response to the motion.   For the reasons explained below, petitioner's motion must be denied.

    A party may file an amended pleading after a responsive pleading has been filed "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[1]  Leave to amend should freely be given "when justice so requires." *Id.*

////

---

[1] The Federal Rules of Civil Procedure extend to habeas actions.  *See* Fed. R. Civ. P. 81(a)(4) (A); Rule 12 of the Rules Governing Section 2254 Proceedings.

1

Petitioner claims he should be permitted to amend his petition to include claims that were overlooked at the time he filed his first petition. Pet'r's Mot. at 2. He states that he is illiterate and had difficulty finding someone to help him draft the original petition. *Id*. He asserts that he omitted claims from the original petition and by the time a fellow inmate offered to help, the 1-year limitations period of the AEDPA was near. *Id*. Therefore, preparation and filing the petition was so rushed that the fellow inmate merely copied the arguments made on direct appeal onto the form habeas petition. *Id*., at 2-3. Since the filing of the petition, petitioner has learned that these are not the claims he wants to pursue. *Id*., at 3. He seeks to file an amended petition in order to add unspecified, previously omitted claims. *Id*.

Although the respondent has not opposed the motion, petitioner must nonetheless comply with the requirements of the rules for seeking leave to amend. This includes compliance with the requirement that petitioner submit a proposed amended petition so the court can determine what new claim he is now seeking permission to add. He has not filed a proposed amended petition as required by Local Rule 220 and the court has no means by which it can determine if the standards for leave to amend under Fed. R. Civ. P. 15 are satisfied. Therefore, the motion to amend and the alternative motion for voluntary dismissal[2] are denied without prejudice. Petitioner shall have 30 days to file a properly supported motion to amend that complies with the Local Rule 220. If plaintiff chooses not to do so, he may renew his motion for voluntary dismissal.

////

////

---

[2] Petitioner's motion includes an alternative request for voluntary dismissal of this action without prejudice in the event he is denied leave to amend. Apparently, petitioner intends to file a new action that includes the claims he seeks to add here if he is not permitted leave to amend the currently pending petition. Pet'r's Mot., at 2-3. This alternative request is not the appropriate means for amending a pleading. Rather, petitioner must simply comply with the rules for filing a motion to amend. As explained above, the court has not precluded amendment. Until petitioner complies with the requirement that he submitted a draft of the proposed amended petition, the court cannot determine whether to grant leave to amend.

1    Accordingly, it is ORDERED that plaintiff's June 29, 2009 motion to file an amended
2 petition or alternatively to dismiss this action are denied without prejudice.
3 Dated:  December 15, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE